UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA, TAMPA DIVISION

DAVID BAUER,

    Plaintiff,

vs.                        CASE NO.: 8:12-CV-614-SDM-TGW

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.
_____/

## UNSWORN DECLARATION UNDER 28 U.S.C. § 1746 AS TO ATTORNEY'S FEES

DECLARANT Frederick W. Vollrath hereby appears and states as follows:

1. He is a practicing attorney in Hillsborough County, Florida and has practiced law in the Tampa Bay area in various capacities since 1976. He is familiar with the prevailing hourly market rate for attorneys who practice in state and federal courts in the Tampa Bay area, including for litigation in actions such as that in the above-captioned matter.

2. This unsworn declaration is given in order to both inform and assist the court in the exercise of its discretion that number of hours and the hourly rate requested by attorney Timothy Condon in the above-captioned action is in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation, including especially those who have practiced law in the Tampa Bay area for more than 30 years, who have intimate knowledge of both collections and consumer protection law, and who regularly litigate in both state and federal courts. A rate determined in this way is normally deemed to be reasonable, and is referred to as "the prevailing market rate."

3. In arriving at his opinion as to a reasonable hourly rate and reasonable number of hours expended in this case, he has considered the guidelines found in Johnson v. Georgia Highway Exp., Inc., 488 F.2d 714 (5th Cir. 1974), including the time and labor required; the novelty and difficulty of the questions; the skill requisite to perform the legal service properly; the preclusion of other employment by the attorney due to acceptance of the case; the customary fee for similar work in the community; whether the fee is fixed or contingent;

**EXHIBIT "B"**

the time limitations imposed by the client or the circumstances; the amount involved and the results obtained; the experience, reputation, and ability of the attorney; the "undesirability" of the case; the nature and length of the professional relationship with the client; and awards in similar cases.

    4. He is familiar with the knowledge, reputation, experience and expertise of attorney Timothy Condon in the community, and is further aware that Mr. Condon has actively practiced law in Florida for more than 30 years, for the most part in collections law and later in consumer protection law; as such, Mr. Condon has an intimate knowledge of "both sides" of these areas of law, which make him an extremely knowledgeable attorney in these areas. Accordingly, in the declarant's opinion an attorneys' fee rate of $400.00 per hour is reasonable for Mr. Condon's work performed in this action after January 4, 2012, by which time Mr. Condon had been continuously practicing law in the Tampa Bay area for more than 30 years.

    5. After reviewing the case file and the time and billing records for time expended in the above action, including those matters reflected therein as having been expended for legal administrative matters, in his opinion a reasonable number of hours to have been expended in this action for legal services performed is __68.3__ hours.

    6. In his opinion the sum of $__27,320__ would be a reasonable attorney's fee to award Mr. Condon services rendered in the above-captioned case.

Under penalties of perjury I declare that I have read the foregoing document and that the facts stated in it are true.

Date: __9/7/12__

                                                             Frederick W. Vollrath, Esq.