UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID BAUER,

     Plaintiff,

v.                            CASE No. 8:12-CV-614-T-23TGW

MIDLAND CREDIT
MANAGEMENT, INC.,

     Defendant.

_____

## REPORT AND RECOMMENDATION

     The plaintiff, who alleges that the defendant violated several debt collection statutes while attempting to collect from him three debts, settled his claims with the defendant, with the exception of his attorney's fee and costs. Consequently, the plaintiff filed this Motion for Award of Costs and Attorney's Fees totaling $28,370 (Doc. 25). The defendant argues that the amount of the attorney's fee is unreasonable, and that the plaintiff failed to support adequately the requested attorney's fee and costs (Doc. 29).

     The motion was referred to me for a report and recommendation (Doc. 26). Having considered the materials submitted and the governing legal

standards, I recommend that the plaintiff be awarded an attorney's fee of $16,392, and $1,050 in costs.

I.

The plaintiff allegedly opened credit accounts with three companies—T-Mobile corporation, Target Bank, and Capital One Bank (Doc. 29, pp. 1-2). After the plaintiff failed to repay money he allegedly owed to these companies, the defendant, a debt collector, purchased the delinquent accounts and began collection efforts (id., p. 2).

The plaintiff alleges that the defendant began informing credit reporting agencies in February 2009 that he owed the defendant $398, which was a debt he owed originally to Capital One Bank (Doc. 13, ¶¶6, 45). Additionally, in about February 2011, the defendant began reporting to credit reporting agencies that the plaintiff owed it $399 or more for a debt that he owed originally to Target National Bank (id., ¶30). Moreover, in October 2011, the defendant began informing credit reporting agencies that the plaintiff owed it a third debt of $1,403, which the plaintiff had originally owed to T-Mobile corporation (id., ¶15).

The plaintiff asserts further that, in February 2011, the defendant began making telephone calls to his cellular telephone, using automated dialing equipment, in order to collect the Target and Capital One debts (id., ¶¶31, 46). The plaintiff additionally received from the defendant automated telephone calls to his cellular telephone in an attempt to recover the T-Mobile debt (id., ¶16).

The plaintiff states that he told the defendant's representatives during telephone conversations that he disputed these three alleged debts (id., ¶¶18, 33, 48, 49, 50). However, when the defendant reported these debts to credit reporting agencies, the defendant did not tell the credit agencies that the plaintiff disputed the debts (id., ¶¶19, 34, 51). Furthermore, the plaintiff asserts that, after he told the defendant during a telephone call in November 2011, that he disputed the Capital One debt and directed the defendant to stop calling, the defendant nevertheless immediately called him back and demanded payment of the debt (id., ¶50).

The plaintiff filed three complaints in state court alleging that the defendant's collection efforts with regard to each of the alleged debts violated federal and Florida consumer protection laws (see, e.g., Doc. 2). Specifically,

-3-

the plaintiff alleged that the defendant's failure to inform the credit reporting agencies that he disputed these debts constituted the making of false representations in connection with the attempted collection of a debt, in violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. 1692, et seq., and the Florida Consumer Collection Practices Act (FCCPA), Fla. Stat. §559.72 (see id.; Doc. 13). The plaintiff alleged further that the defendant harassed him, in violation of the FCCPA, by immediately telephoning him back after he told the defendant during a November 2011 telephone call to stop calling him (Docs. 2, 13). Finally, the plaintiff alleged that the defendant's use of an automated telephone dialing system to call his cellular telephone number in an attempt to collect these alleged debts violated the Telephone Consumer Protection Act (TCPA), 47 U.S.C. 227, et seq. (id.).

The defendant removed the lawsuits to this court, after which they were consolidated (Doc. 12). The defendant filed an answer denying that its conduct violated these statutes (Doc. 15).

Two months after entry of the case management Order, the parties settled the lawsuit in mediation, with the exception of the plaintiff's attorney's fee and costs, which the parties agreed to submit to the court for resolution

(Docs. 16, 23). At the time the case was settled, no written discovery had been served on the plaintiff, no depositions had been taken, and the parties had not engaged in any motion practice beyond the agreed motion to consolidate the cases (Doc. 29, p. 3).

The court dismissed the case and allowed the plaintiff 60 days to move for an attorney's fee and costs (Doc. 24). Thereafter, the plaintiff filed this Motion for Award of Costs and Attorney's Fees, seeking an attorney's fee of $27,320, and costs totaling $1,050 (Doc. 25). In support of the motion, plaintiff's counsel submitted his time records and a declaration by attorney Frederick W. Vollrath that the requested attorney's fee is reasonable (Docs. 25-1; 25-2). The defendant opposes the motion on the grounds that the requested attorney's fee is unreasonable, and that counsel's billing records are impermissibly vague, and contain excessive and non-compensable work (Doc. 29). The defendant also argues that the costs have not been adequately documented (id.).

II.

Plaintiff's counsel seeks an award of attorney's fees pursuant to the FDCPA and the FCCPA (Doc. 25, pp. 1-2), which contain provisions that

render a debt collector liable to a successful plaintiff for reasonable attorney's fees and court costs.[1] 15 U.S.C. 1692k(a)(3); Fla. Stat. §559.77(2). The plaintiff asserts that, based on the settlement of this case for a monetary payment, he is a successful plaintiff who is entitled to a reasonable attorney's fee pursuant to the FDCPA and FCCPA (Doc. 25, ¶3; Doc. 29, p. 2). The defendant does not dispute the plaintiff's entitlement to an attorney's fee award under these statutes; however, it does oppose the amount sought by the plaintiff (Doc. 29, p. 2). Furthermore, the defendant argues that any time spent prosecuting the TCPA claim is not compensable because the TCPA does not contain an attorney's fee shifting provision (id., pp. 12-13).

The FDCPA and FCCPA direct that the successful plaintiff be awarded a "reasonable" attorney's fee. Both parties agree that the federal lodestar approach is the foundation for setting reasonable fee awards pursuant to the FDCPA and FCCPA (see Doc. 25, p. 9; Doc. 29, p. 4). See Moton v. Nathan & Nathan, P.C., 297 Fed. Appx. 930, 931 (11th Cir. 2008); Dish

---

[1]Thus, the FDCPA provides that, "in the case of any successful action to enforce the [FDCPA], the [debt collector is liable to the plaintiff for the] costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. 1692k. Similarly, the FCCPA pertinently states that "[a]ny person who fails to comply with any provision of s. 559.72 is liable for ... court costs and reasonable attorney's fees incurred by the plaintiff." Fla. Stat. §559.77(2).

Network Service L.L.C. v. Myers, 87 So.3d 72, 77 (Fla. App. 2012). This method requires the court to determine a "lodestar figure" by multiplying a reasonable hourly rate for the services of the prevailing party's attorney by the number of hours reasonably expended on the litigation. Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1998).[2]

---

[2]With regard to the Florida statute, the Florida Supreme Court directs that the following factors, enumerated in Rule 4-1.5 of the Rules Regulating the Florida Bar, be considered in computing the lodestar amount to the extent that they are not incorporated into the lodestar (Standard Guaranty Ins. Co. v. Quanstrom, 555 So. 2d 828, 830-31 n.3 (Fla. 1990)):

>    (1) The time and labor required, the novelty, complexity, and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

>    (2) The likelihood that the acceptance of the particular employment will preclude other employment by the lawyer;

>    (3) The fee, or rate of fee, customarily charged in the locality for legal services of a comparable or similar nature;

>    (4) The significance of, or amount involved in, the subject matter of the representation, the responsibility involved in the representation, and the results obtained;

>    (5) The time limitations imposed by the client or by the circumstances and, as between attorney and client, any additional or special time demands or requests of the attorney by the client;

>    (6) The nature and length of the professional relationship with the client;

>    (7) The experience, reputation, diligence, and ability of the lawyer or lawyers performing the service and the skill, expertise, or efficiency of effort reflected in the actual providing of such services; and

The fee applicant bears the burden of presenting satisfactory evidence to establish that the requested rate is in accord with the prevailing market rate and that the hours are reasonable. Id. at 1299, 1303.  Once the lodestar is determined, the court must consider whether an adjustment of the lodestar for the results obtained is appropriate.  Moton v. Nathan & Nathan, P.C., supra, 297 Fed. Appx. at 932.

The plaintiff argues that he is entitled to a court awarded attorney's fee of $27,320 (Doc. 25, p. 13).  The defendant argues that the plaintiff's lodestar figure "greatly overstates both the reasonable time expended on the case and the customary hourly rate for work of this type performed by attorneys of similar experience in this area," and argues that a reasonable attorney's fee in this case is $6,825 (Doc. 29, pp. 2, 5).  Neither party argues that an adjustment of the lodestar is warranted.

A. HOURLY RATES

Federal courts first determine a reasonable hourly rate for the services of the prevailing party's attorney.  "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by

---

(8) Whether the fee is fixed or contingent....

lawyers of reasonably comparable skills, experience, and reputation." Norman v. Housing Authority of City of Montgomery, supra, 836 F.2d at 1299.

The applicant bears the burden of "supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate." Id. at 1303. "Testimony that a given fee is reasonable is therefore unsatisfactory." Id. at p. 1299. Rather, "the best information available to the court is usually a range of fees set by the market place." Id. at 1301. Furthermore, "[t]he court ... is itself an expert on the question [of attorney's fees] and may consider its own knowledge and experience concerning reasonable and proper fees." Id. at 1303.

Plaintiff's counsel is Timothy Condon (Doc. 25-1). He requests a fee based on an hourly rate of $400 (id., ¶5). The defendant argues that the requested rate is too high, and contends that a reasonable hourly rate for Condon is "no higher than $250" (Doc. 29, pp. 6, 7).

Condon has practiced law in the Tampa Bay area since 1976, initially doing collections law, and more recently, practicing consumer protection law (Doc. 25-1, ¶1; Doc. 25-2, ¶4). Plaintiff's counsel states that he charges an hourly rate of $400 for litigation similar to this action, and

asserts that this hourly rate is in line with prevailing market rates for such litigation in the Tampa Bay area by attorneys of comparable skill and experience (Doc. 25, p. 2, ¶6).

In support of this contention, the plaintiff relies on the declaration of Frederick Vollrath (id., p. 11). Vollrath has practiced law in the Tampa Bay area in various capacities since 1976 (Doc. 25-2, ¶1), and was previously a partner with Condon in the law firm of Vollrath-Condon, P.A. Vollrath states that he is familiar with the prevailing hourly rates for attorneys who practice in Tampa, and opines that Condon's hourly rate of $400.00 "is reasonable" based on Condon's 30-plus years of legal experience and his considerable knowledge of consumer protection law (Doc. 25-2, ¶ ¶1, 4).[3]  The defendant argues that, based on "the typical and approved rates for attorneys practicing FDCPA law in this area," the reasonable hourly rate "should be no higher than $250" (Doc. 29, p. 7).

Neither party's position is persuasive. Thus, the defendant does not present any expert testimony as to a reasonable hourly rate under the

_____

[3]Vollrath's declaration, which is stated in the third person, leaves blank spaces to insert numbers for reasonable attorney hours and a reasonable attorney's fee. The use of the third person narrative is unnecessarily confusing, and gives the appearance that the document was drafted by plaintiff's counsel and rubber-stamped by Vollrath.

circumstances of this case. On the other hand, I have essentially disregarded Vollrath's opinion because it is conclusory. <u>See</u> Norman v. Housing Authority of City of Montgomery, <u>supra</u>, 836 F.2d at 1299 ("[t]he weight to be given to opinion evidence ... will be affected by the detail contained in the testimony..."). Thus, Vollrath opines that Condon's requested rate of $400 is reasonable, without specifying a range of market rates paid to attorneys in this practice area. <u>See</u> <u>id.</u> at 1301 (conclusory statements as to reasonableness is not satisfactory; "the best information ... is usually a range of fees set by the market place, with the variants best explained by reference to an attorney's demonstrated skill"). Therefore, Vollrath's declaration is not helpful to the court in setting a reasonable hourly rate. Furthermore, plaintiff's counsel does not identify any case in which he has been awarded an hourly rate of $400 (<u>see</u> Doc. 25, p. 11).[4]

Considering the specifics of this case, and my knowledge of prevailing market rates in Tampa, a reasonable hourly rate for plaintiff's

---

[4]The plaintiff asserts in a footnote that he "has been awarded $350 per hour in many cases in both state and federal court litigation of this type" (Doc. 25, p. 11 n. 6). However, the only federal case he cites in support of this contention was an unopposed request for an hourly rate of $350 in a case where default judgments were entered. The other cases cited by the plaintiff are county court decisions which are unpublished and not included with this motion, so it cannot be determined whether those cases are probative of a reasonable rate for this case.

counsel is $300.  See Norman v. Housing Authority of City of Montgomery,

supra, 836 F.2d at 1303 (the court is itself an expert).  Thus, as someone who

regularly handles attorney fee motions, it is my experience that a reasonable

hourly rate in this market for non-complex consumer law litigation ranges from

$200 to $300.  Taking into consideration counsel's years of legal experience,

an hourly rate of $300 is reasonable (albeit on the high side of reasonableness).

As I have stated previously, I reserve higher hourly rates for the most skilled

attorneys litigating complex cases.  See Ottaviano v. Nautilus Ins. Co., 717

F.Supp.2d 1259, 1270 (M.D. Fla. 2010).

Significantly, a $300 hourly rate is consistent with caselaw cited

by both parties in their memoranda.  Thus, the plaintiff cited to Gradisher v.

Check Enforcement Unit, Inc., 2003 WL 187416 (W.D. Mich.), where the court

found that an hourly rate of $300 in an FDCPA case was reasonable.  Id. at

*3; see Doc. 25, p. 11.  Additionally, the defendant cited to Myrick v. The

Distribution and Acquisition Network, 2010 WL 2179112 at *5 (M.D. Fla.),

which holds that a reasonable hourly rate for FDCPA cases in this district

ranges from $200 to $300.  Id. at *5; Doc. 29, pp. 7-8.

It is acknowledged that plaintiff's counsel has a substantial number of years of legal experience, and that he has "appeared in and litigated scores of consumer protection actions" (Doc. 25-1, ¶1; Doc. 25, p. 11, n.7). As indicated, I have accounted for counsel's substantial experience in the hourly rate of $300. However, plaintiff's counsel has not demonstrated skill worthy of his requested $400 hourly rate. Thus, the number of hours expended under the circumstances of this case is high. Specifically, 68-plus hours of attorney work seems excessive considering that this case did not involve complex or novel issues, no discovery had been responded to or substantive motions filed, and the matter was settled during mediation well before the scheduled trial. See Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1300-01 ("skill incorporates ... efficiency," and "[e]fficiency means doing well just what ought to be done ... in a minimum of time"). This inefficiency is properly accounted for in the hourly rate. See id. at 1306 ("If the court believes counsel was merely inefficient, that fact should be reflected in the hourly rate awarded.").

Additionally, counsel's motion for award of costs and attorney's fees was not particularly skillful. See id. at 1300 ("Legal skill may be a

function of experience, but that is not always the case."). For example, counsel omits from his motion any discussion of the TCPA claims which lack a fee-shifting provision, and he provides a conclusory declaration in support of fees that essentially lacks any probative value. Further, counsel did not follow basic principles regarding an award of statutory fees by failing to identify the subject matter of numerous time entries. Such inadequacies are inconsistent with the work of a highly skilled attorney who is entitled to a $400 hourly rate.

Moreover, the plaintiff has not shown that this case required an attorney with superior skill who is deserving of a $400 hourly rate. Thus, "[a] prevailing plaintiff is not entitled to have the losing party pay for an attorney with the most expertise on a given legal issue, regardless of price, but only for one with reasonable expertise at the market rate." Ceres Environmental Services, Inc. v. Colonel McCrary Trucking, LLC, 476 Fed. Appx. 198, 203 (11th Cir. 2012)(quoting American Civil Liberties Union of Georgia v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999)). See, e.g., Valencia v. Affiliated Group, Inc., 674 F.Supp.2d 1300, 1308 (S.D. Fla. 2009)(rejecting counsel's request for an hourly rate higher than market rate based on his years of legal practice because it was not a complicated case); Sclafani v. I.C. System, 2010 WL

1029345 (S.D. Fla.)(unpub. dec.)(finding "no support for the $350.00 hourly rate requested [in a consumer protection case] because the case was not novel or difficult"). Here, it is not apparent from the complaint, and the plaintiff has not shown, that this case presented complex or novel issues which required highly specialized skill. In sum, the plaintiff fails to demonstrate that an hourly rate of $400 is reasonable in this case.

Finally, with regard to an award of attorney's fees pursuant to the Florida consumer protection statute, the plaintiff has not shown that any of the other factors articulated by the Florida Supreme Court warrants a higher hourly rate in this case. See n. 2, supra; Standard Guaranty Ins. Co. v. Quanstrom, supra, 555 So. 2d at 830 n. 3. Thus, plaintiff's counsel does not assert that acceptance of this case precluded other employment, that there were undue time limitations placed upon him, or that plaintiff's counsel had a previous relationship with the plaintiff. See id. In fact, the plaintiff does not mention Quanstrom or the Rules Regulating the Florida Bar in his memorandum.

Therefore, for the foregoing reasons, I recommend that the hourly rate of plaintiff's counsel, Timothy Condon, be set at $300.

## B. REASONABLENESS OF THE NUMBER
## OF HOURS EXPENDED

The second half of the lodestar equation requires the court to calculate the number of hours reasonably expended on the litigation. It is the fee applicant's burden to adequately document the hours expended. Hensley v. Eckerhart, 461 U.S. 424, 437 (1983). In this regard, " fee counsel should have maintained records to show the time spent on the different claims, and the general subject matter of the time expenditures ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity." Norman v. Housing Authority of City of Montgomery, supra, 836 F.2d at 1303.

Furthermore, "excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed." Id. at 1301. In other words, fee applicants must use billing judgment. Id. "[W]here time...claimed seem[s] expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience." Id. at 1303.

The plaintiff seeks compensation for 68.3 hours of legal work performed by Condon (Doc. 25-1). This time was spent on all facets of the litigation, including drafting pleadings and other documents, legal research,

and communicating with the client and others (see id.).[5] This sum reflects a reduction of 3.4 hours for administrative tasks (id., p. 2). The plaintiff asserts that the amount of time claimed was "reasonable and necessary" to reach the successful results in this litigation (Doc. 25, p. 11).

In support of the reasonableness of the hours requested, the plaintiff has submitted the declaration of his fee expert (Doc. 25-2). Vollrath, who reviewed the case file and time records in this action, opines that "a reasonable number of hours to have been expended in this action ... is 68.3 hours" (id., ¶5). Vollrath, however, does not explain the basis for his opinion.

The defendant argues that the number of hours claimed by the plaintiff is unreasonable, and that the plaintiff's billing records are unacceptably vague (Doc. 29, pp. 8-13). Thus, the defendant argues that a fee award of over $27,000 is unreasonable for a "garden-variety debt-collection practices case that featured no written discovery responses by Plaintiff, no depositions, no dispositive or other meaningful motions, and was settled at

_____

[5]Time preparing this motion for attorney's fees and costs is included in this sum, and is compensable.  See Sheet Metal Workers' Int'l Ass'n Local 15, AFL–CIO v. Law Fabrication, LLC, 237 Fed. Appx. 543 at *6 (11ᵗʰ Cir. 2007)(recognizing that "fees on fees" are ordinarily authorized under federal statutory fee-shifting provisions); Bianchi v. Bronson & Migliaccio, LLP, 2011 WL 379115 at *10 (S.D. Fla.)(unpub. dec.).

mediation long before trial" (id., p. 1). As I indicated above, the request for reimbursement of 68.3 hours of attorney work under these circumstances seems too high.

Furthermore, the plaintiff's submissions fail to change this impression. Thus, plaintiff's counsel and the fee expert merely state in a conclusory manner that the hours expended in this case were reasonable. However, "[g]eneralized statements that the time spent was reasonable ... are not particularly helpful and not entitled to much weight." See Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1301.

Additionally, many of plaintiff's counsel's time records are devoid of any description of the subject matter of the task (see Doc. 25-1, p. 3). See Norman v. Housing Authority of the City of Montgomery, supra, 836 F.2d at 1303 (each entry "ought to be set out with sufficient particularity so that the district court can assess the time claimed for each activity"). This deficiency is most pronounced with email and telephone communications, totaling more than 21 hours, for which there is no identification of the subject matter (see Doc. 25-1, pp. 7-8). Where, as here, excessively vague time entries preclude the court from meaningfully assessing the reasonableness of the time spent,

it is appropriate to reduce the hours awarded. Hensley v. Eckerhart, supra, 461 U.S. at 433 (with respect to hours, if an applicant's documentation is inadequate, the district court may reduce the award accordingly); see, e.g., Villano v. City of Boynton Beach, 254 F.3d 1302, 1311 (11th Cir. 2001) (affirming the magistrate judge's determination to reduce requested hours because the billing statement was "too vague to discern reasonableness and legitimacy").

Furthermore, there are time entries for which the subject matter of the task is discernable, but the entries reflect excessive time expenditures. For example, more than four hours to draft the amended complaint (Doc. 25-1, pp. 8-9), which was essentially a compilation of the three original state complaints, seems excessive. In fact, plaintiff's counsel himself stated that, after "a single complaint was figured out and drafted, it took very little time to draft the second and third complaints" (Doc. 25, p. 8). A fortiori, it should take even less time to essentially cut and paste the three original complaints into one consolidated amended complaint.

Moreover, the defendant argues, correctly, that a reduction of hours is appropriate to account for attorney work on the three TCPA claims

because the TCPA does not contain a fee-shifting provision (Doc. 29, pp. 12-13). Thus, time spent on discrete and non-compensable claims should be reduced from a fee award. See Duckworth v. Whisenant, 97 F.3d 1393, 1397 (11th Cir. 1996). However, when a claim which provides for the recovery of an attorney's fee is inextricably intertwined with other allegations so that the fee for the individual claims cannot be distinguished, it is permissible to award a fee for the entire litigation. See United States v. Jones, 125 F.3d 1418, 1430 (11th Cir. 1997).

In this case, the plaintiff did not indicate that counsel eliminated any hours from the fee request for work on the TCPA claims, nor did he show that the TCPA claims were intertwined with the other claims so that an attorney's fee for the entire litigation would be permissible. In fact, the plaintiff did not even mention this issue in his memorandum.

The allegations of the amended complaint indicate that the TCPA claims were distinct from the FDCPA and FCCPA claims. Thus, the TCPA claims were based on the defendant's alleged unlawful use of an automated dialing system to call the plaintiff's cellular telephone in an attempt to collect a debt (see Doc. 13). In contrast, the FDCPA and FCCPA claims focused on

-20-

the contention that the defendant unlawfully failed to inform credit reporting agencies that the plaintiff disputed each of the debts (see id.). It is therefore reasonable to conclude that some distinct, non-compensable time was spent marshaling and analyzing facts related only to the TCPA claims. Importantly, the plaintiff has made no showing to the contrary. Accordingly, a reduction is warranted for non-compensable attorney time spent on the TCPA claims.

In this connection, the Eleventh Circuit has held that, "in a case where part of the attorney's efforts are to go uncompensated, the burden is on the attorney to provide sufficient evidence for the court to make a correct division." Loranger v. Stierheim, 10 F.3d 776, 782 (11th Cir. 1994); see also Hensley v. Eckerhart, supra, 461 U.S. at 437 (plaintiffs should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims). However, the attorney's time records fail to distinguish time spent on each of the claims. Therefore, as discussed below, an across-the-board cut of the hours is appropriate.

In sum, counsel's time records contain impermissibly vague time entries, and excessive and non-compensable time. Accordingly, it is

appropriate to reduce the number of hours requested by the plaintiff to account for these deficiencies.

In this regard, the defendant requests that the court impose a significant across-the-board reduction of approximately 60% (Doc. 29, pp. 2, 10-11). Although I agree that an across-the-board cut is appropriate under the circumstances of this case, the defendant's requested cut is too high.

The Supreme Court has cautioned that "[a] request for attorney's fees should not result in a second major litigation." Hensley v. Eckerhart, supra, 461 U.S. at 437. Therefore, "[w]hen a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." Bivins v. Wrap It Up, Inc., 548 F.3d 1348, 1350 (11th Cir. 2008). In this case, an hour-by-hour analysis is not an option. Thus, because plaintiff's counsel failed to describe adequately many of the time entries, it would be impossible to discern on an entry-by-entry basis what time should be cut.

Accordingly, I recommend an across-the-board reduction of the claimed hours. Under the totality of the circumstances, a reduction of 20%,

which eliminates more than 13 of the 68 requested hours, reasonably accounts for deficiencies in the time records, and excessive and non-compensable time. A 20% reduction results in an award of 54.6 hours.  See Norman v. Housing Authority of City of Montgomery,  836 F.2d at 1303 (when "the time or fees claimed seem expanded or there is a lack of documentation or testimonial support the court may make the award on its own experience."). That reduction is justified by the generous rate of $300 per hour that has been awarded. Such a rate reflects that counsel should have been more efficient in his work. On the other hand, a greater reduction is not warranted because counsel's time records were not deficient in their entirety, non-compensable time spent on the TCPA claims was not completely separable from work on the FDCPA and FCCPA claims, and this case did involve three different debts, which necessarily makes the case somewhat more time-consuming.

Accordingly, the recommended hourly rate of $300 for Condon's services, multiplied by 54.6 hours, results in a lodestar amount of $16,392.

IV.

After the lodestar is determined, the court must next consider the necessity of an adjustment for results obtained. However, as recently reiterated

by the U.S. Supreme Court in <u>Perdue</u> v. <u>Kenny A. ex rel. Winn</u>, 130 S.Ct. 1662,

1673 (2010), there is a "strong presumption" that the lodestar reflects a

reasonable statutory fee.   Furthermore, neither party has suggested any

circumstance warranting a modification of the lodestar in this case, and none

is apparent (<u>see</u> Doc. 25, p. 12) (the plaintiff seeks an award of attorney's fees

"based upon the lodestar formula, nothing less and nothing more").

Accordingly, I recommend that no adjustment be made to the lodestar, and that

the plaintiff be awarded an attorney's fee of $16,392.

V.

Finally, the plaintiff seeks recovery of costs totaling $1,050 (Doc.

25-1, ¶4).  These costs comprise $930 in filing fees for the three complaints

originally filed in state court, and $120 for service of the complaints and

summonses (<u>id</u>.).

These costs are recoverable pursuant to the FDCPA and FCCPA.

See <u>Myrick</u> v. <u>Distribution and Acquisition Network</u>, <u>supra</u>, 2010 WL 2179112

at *4; 28 U.S.C. 1920.  The defendant, nevertheless, argues that these costs

should be rejected because the plaintiff failed to complete a bill of costs, with

supporting documentation of the expenses, in accordance with §1920 (Doc. 29, pp. 13-14).

This argument is not persuasive because the fact that these costs were incurred is not subject to reasonable dispute. Thus, this is not a circumstance where, absent a receipt, it is uncertain whether the cost was incurred or compensable. Furthermore, plaintiff's counsel has sworn under the penalty of perjury that these costs were incurred (Doc. 25-1, ¶4), so the record is not devoid of evidence for these expenses.

The defendant argues further that the plaintiff should not be compensated for the three state court filing fees because Judge Merryday's Order to consolidate these complaints shows that "only a single complaint should have been filed" (Doc. 29, p. 14). However, Judge Merryday's finding that it was proper to consolidate these actions does not establish that the initial filing of this matter as three separate complaints was legally impermissible, or frivolous. I therefore recommend that the plaintiff be awarded his costs of $1,050.

VI.

For the foregoing reasons, I recommend that the plaintiff be awarded $16,392 in an attorney's fee, and $1,050 in costs, pursuant to 15 U.S.C. 1692k and Fla. Stat. §559.77.[6]

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: DECEMBER  7  , 2012

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).

---

[6]These fees are awarded directly to the plaintiff. See Hester v. Graham, Bright & Smith, P.C., 289 Fed. Appx. 35, 44 (5th Cir. 2008); Myrick v. Distribution and Acquisition Network, supra, 2010 WL 2179112 at *5 (The FDCPA provides that the person who recovers damages for a statutory violation, not that person's attorney, should recover a reasonable attorney's fee).